**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Savas Makridis, | No. CV-22-00498-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Experian Information Solutions Incorporated, et al., | |
| Defendants. | |

In this action, Savas Makridis ("Plaintiff") asserts claims against CACH LLC ("Defendant") for violations of the Fair Credit Reporting Act ("FCRA") and the Federal Debt Collection Practices Act ("FDCPA"). (Doc .1.) On August 16, 2023, the Court issued an order resolving the parties' cross-motions for summary judgment. (Doc. 59.) The Court concluded that Defendant was entitled to summary judgment on Plaintiff's FCRA claims in Counts One and Two and that neither side was entitled to summary judgment on Plaintiff's FDCPA claim in Count Seven. (*Id.* at 10-18.)

Now pending before the Court is Plaintiff's motion for reconsideration of the summary judgment order. (Doc. 60.) Defendant opposes the motion. (Doc. 62.) For the following reasons, the motion is denied.

**LEGAL STANDARD**

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g)(1).

Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003). *See also FTC v. Noland*, 2022 WL 901386, *3 (D. Ariz. 2022) ("Local Rule 7.2(g) . . . [creates] essentially the same standard a district court outside the District of Arizona . . . would apply when resolving a reconsideration motion under Rule 54(b).") (citations omitted); 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 54, at 77-78 (2022) ("Rule 54(b) is not a mechanism to get a 'do over' to try different arguments or present additional evidence when the first attempt failed. Thus, while the limits governing reconsideration of final judgments under Rule 59(e) do not strictly apply, courts frequently invoke them as common-sense guideposts when parties seek reconsideration of an interlocutory ruling under Rule 54(b). In sum, trial courts will exercise their discretion to reconsider interlocutory rulings only when there is a good reason to do so, including (but not limited to) the existence of newly-discovered evidence that was not previously available, an intervening change in the controlling law, or a clear error rendering the initial decision manifestly unjust.").

**DISCUSSION**

I.  FCRA Claims

In the summary judgment order, the Court noted that, to prevail on his FCRA claims in Counts One and Two, Plaintiff must show that Defendant failed to conduct a "reasonable" investigation after receiving notice of his dispute. (Doc. 59 at 11-12.) The Court concluded that Plaintiff failed to meet his *Celotex* burden of coming forward with evidence sufficient to create a material dispute of fact as to that element because, "[n]otably, Plaintiff did not conduct any discovery into the steps that Defendant took to investigate his dispute after receiving the forwarded materials from Experian and Equifax.

For whatever reason, Plaintiff failed to explore this topic during the Rule 30(b)(6) deposition of Defendant's corporate representative, and there is no other evidence in the summary judgment record that bears on this issue." (*Id.* at 12-13.) The Court also held that the "various factual assertions" in Plaintiff's motion papers did not require a different outcome, both because (1) "Plaintiff fail[ed] to provide any supporting evidentiary citations, in violation of Rule 56(c)," and (2) "the Court's independent review of the record reveals that there is no evidence supporting Plaintiff's assertions. As noted, the record is silent as to what Defendant did between receiving the materials that Plaintiff sent to Experian and Equifax in December 2021 and informing Experian (as reflected in Experian's January 28, 2022 notice to Plaintiff) that '[t]he information you disputed has been verified as accurate.'" (*Id.* at 13.) Finally, the Court rejected the premise "that Defendant's investigation was necessarily unreasonable because Defendant did not resolve the dispute in [Plaintiff's] favor after reviewing the materials attached to his December 2021 letter to Experian and Equifax," explaining that (1) "the supposed proof of the payments that Plaintiff attached to his letter was illegible" and (2) putting aside the issue of illegibility, "[a]n investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate." (*Id.*, citations omitted.) The Court concluded that, "given the utter absence of any evidence concerning the scope and nature of Defendant's investigation (beyond the bare fact that Defendant received a packet of materials from Plaintiff that were, on their face, inconclusive as to the validity of the debt), a reasonable factfinder could not conclude that the investigation was objectively unreasonable." (*Id.* at 14.)

In his reconsideration motion, Plaintiff argues that this analysis was erroneous because "the packet of materials Defendant received were conclusive as to the validity of Plaintiff's dispute." (Doc. 60 at 3.) Plaintiff continues: "This conclusion is easily drawn by Defendant simply reviewing all the materials it received regarding Plaintiff's dispute in this case. No further investigation was needed by Defendant as the Plaintiff's documents showed the error in its reporting." (*Id.* at 4.) In response, Defendant argues that "Plaintiff's

motion for reconsideration seems more like a re-hashed version of 'they didn't agree with me, so they must have violated the FCRA.' But as the Court properly pointed out in the MSJ Order, just because a data furnisher does not agree with a consumer, does not mean that the data furnisher violated the statute." (Doc. 62 at 3.)

The Court declines to reconsider its conclusion that Defendant is entitled to summary judgment on Plaintiff's FCRA claims. Not only does the Court reject, for the reasons discussed in the summary judgment order, Plaintiff's suggestion that the grainy, pixelated materials forwarded to Defendant were somehow "conclusive as to the validity of Plaintiff's dispute," but the broader point is that the record is silent as to what Defendant did after receiving those materials. It was Plaintiff's burden to come forward with evidence from which a reasonable juror could conclude that Defendant's investigation was unreasonable, but Plaintiff inexplicably declined to explore that topic during discovery. Summary judgment was properly granted.

II. FDCPA Claim

In the summary judgment order, the Court noted that, to prevail on his FDCPA claim in Count Seven, Plaintiff must show that Defendant made a false representation concerning the character, amount, or legal status of his alleged debt. (Doc. 59 at 17.) The Court concluded that neither side was entitled to summary judgment as to that claim because "[o]n the one hand, a reasonable juror could conclude from the evidence in the record that Plaintiff did not satisfy the terms outlined in the settlement offer—namely, that Plaintiff did not make two $1,990 payments in the timeframe specified by Fresh View Solutions. Defendant produced a legible copy of a check for only one of the two payments, which does not indicate whether the check was ever negotiated, and Plaintiff's additional documentation related to the second purported payment is illegible (or, at a minimum, could be viewed as illegible by a reasonable juror). Therefore, a reasonable juror could find that Plaintiff did not comply with the terms of the settlement offer, in which case Defendant's continued reporting of Plaintiff's debt was not false. On the other hand, a reasonable juror could find from Plaintiff's evidence that he satisfied the terms of the

settlement offer. Plaintiff testified, and then avowed in a declaration, that he settled the debt in conformance with the settlement terms set out in the offer letter by timely sending two $1,990 checks to Fresh View Solutions that were accepted and deposited. Although Defendant derides this testimony as self-serving and uncorroborated by legible documentary evidence, these are not permissible grounds for disregarding Plaintiff's factual assertions on this topic—which touch on matters as to which Plaintiff would have personal knowledge—at summary judgment." (*Id.* at 17-18.)

In his reconsideration motion, Plaintiff mentions his FDCPA claim only in passing, arguing that the "same materials" that support his FCRA claims "also conclusively prove that Defendant violated [the FDCPA] by falsely reporting the character, amount, or legal status of any debt after being informed by Plaintiff that the Defendant's reporting of the account is inaccurate." (Doc. 60 at 4.) In response, Defendant argues that "a reasonable juror could find in favor of Defendant because Plaintiff did not make both payments, or did not timely make both payments. Nothing in Plaintiff's Motion for Reconsideration addresses these issues." (Doc. 62 at 3.)

The Court declines to reconsider its conclusion that neither side is entitled to summary judgment on Plaintiff's FDCPA claim. The argument that Plaintiff now raises is basically identical to an argument he previously raised, which the Court rejected after full consideration in the summary judgment order. *Motorola*, 215 F.R.D. at 582 ("Nor is reconsideration to be used to ask the Court to rethink what it has already thought.").

Accordingly,

**IT IS ORDERED** that Plaintiff's reconsideration motion (Doc. 60) is **denied**.

Dated this 28th day of September, 2023.

Dominic W. Lanza
United States District Judge