**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Savas Makridis,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CACH LLC,<br><br>　　　　Defendant. | No. CV-22-00498-PHX-DWL<br><br>**ORDER** |

In this action, Savas Makridis ("Plaintiff") asserts various claims against CACH LLC ("Defendant"), including, as relevant here, a claim in Count Seven for violating the Federal Debt Collection Practices Act ("FDCPA"). (Doc. 1.) On August 16, 2023, the Court issued an order resolving the parties' cross-motions for summary judgment. (Doc. 59.) Among other things, the Court concluded that neither side was entitled to summary judgment on Count Seven. (*Id.*)

Now pending before the Court is Defendant's motion for reconsideration of the summary judgment order to the extent it denied summary judgment on Count Seven. (Doc. 67.) For the following reasons, the motion is denied.

**RELEVANT BACKGROUND**

In March 2022, Plaintiff filed the complaint. (Doc. 1.) In Count Seven, Plaintiff alleges that Defendant violated the FDCPA by "falsely reporting the character, amount, or legal status of any debt." (*Id.* ¶¶ 59-67.) Elsewhere, the complaint specifies that the false reporting consisted of Defendant "reporting a false tradeline opened January 2016 with a

balance and past due amount of $5,970 on Plaintiff's Experian and Equifax disclosure" and that Plaintiff obtained credit reports from Experian and/or Equifax in November 2021, January 2022, and February 2022 that contained this false information. (*Id.* ¶¶ 7-17.) The complaint further alleges that Defendant's "failure to delete the False Tradeline on Plaintiff's consumer credit file is humiliating, embarrassing, and stressful to the Plaintiff as it creates a false impression to users of his credit report that he has an obligation when, in fact, he does not." (*Id.* ¶ 65.)

In June 2023, Defendant moved for summary judgment on Count Seven. (Doc. 50.) Among other things, Defendant argued that Count Seven is time-barred because "[a]n action under the FDCPA is subject to a one-year statute of limitations," "the debt was first reported in September 2018," and thus "the one-year statute of limitations would have begun in September 2018, at the latest." (*Id.* at 5.) In response, Plaintiff argued that Count Seven is not time-barred because the complaint "alleged that Defendant reported the debt in November 2021 with an incorrect balance . . . and continued to report the inaccurate debt in January and February 2022 . . . . Plaintiff's Complaint was filed on March 29, 2022, well within the 1-year statute of limitations period for the November 2021 inaccurate reporting." (Doc. 55 at 3.) Plaintiff also asserted that "[s]everal circuits have adhered to the view that every violation of the FDCPA has its own statute of limitations" and cited various authorities in support of that assertion, including the Sixth Circuit's decision in *Bouye v Bruce*, 61 F.4th 485 (6th Cir. 2023). (*Id.*) In reply, Defendant's sole argument was that although "some circuits have adopted the position that every violation under the FDCPA has its own statute of limitations . . . the 9th Circuit has not adopted this rule." (Doc. 58 at 2.)

As it turns out, on July 14, 2023—four days before Defendant filed its reply brief—the Ninth Circuit decided *Brown v. Transworld Systems, Inc.*, 73 F.4th 1030 (9th Cir. 2023). There, the Ninth Circuit explained that, "[a]lthough we perhaps have not yet said so explicitly, every alleged FDCPA violation triggers its own one-year statute of limitations as provided in § 1692k(d)." *Id.* at 1040. The court also cited, with approval, the Sixth

Circuit's holding on this point in *Bouye*. *Id.*

On August 16, 2023, the Court issued an order resolving the parties' cross-motions for summary judgment. (Doc. 59.) As for the statute-of-limitations issue, the Court concluded as follows:

> Under 15 U.S.C. § 1692k(d), "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." The Supreme Court has interpreted this provision to mean that "[t]he FDCPA limitations period begins to run on the date the alleged FDCPA violation actually happened," not when the plaintiff discovers the violation. *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019). Here, it is undisputed that Defendant first reported Plaintiff's debt in September 2018. Indeed, Plaintiff acknowledged during his deposition that Defendant's initial reporting occurred no later than 2018 and caused him to suffer negative consequences in 2018 when obtaining an auto loan. Accordingly, the statute-of-limitations analysis turns on whether Plaintiff's FDCPA claim is limited to Defendant's initial report of his debt in 2018 (in which case Plaintiff's claim is time-barred) or whether Defendant's subsequent acts of reporting, including its reports to Experian and Equifax in November 2021, constituted independent violations (in which case Plaintiff's claim is not time-barred).
>
> In a recent decision issued while the briefing process in this case was unfolding, the Ninth Circuit addressed this issue and resolved it in Plaintiff's favor. In *Brown v. Transworld Systems, Inc.*, 73 F.4th 1030 (9th Cir. 2023), the court explained that "[a]lthough we perhaps have not yet said so explicitly, every alleged FDCPA violation triggers its own one-year statute of limitations as provided in § 1692k(d)." *Id.* at 1040. The court also cited, with approval, decisions from the Sixth and Tenth Circuits adopting the same rule. *Id.* Accordingly, because Defendant's statute-of-limitations argument is premised on Defendant's prediction that the Ninth Circuit would not adopt the rule applied in those circuits—a prediction that has now proved inaccurate—summary judgment is not warranted on this basis.

(*Id.* at 16, record citations omitted.)

On August 30, 2023, Plaintiff filed a motion for reconsideration of the summary judgment order. (Doc. 60.) The motion did not discuss the statute-of-limitations analysis. (*Id.*) In fact, Plaintiff's only argument as to Count Seven was that the Court should have granted summary judgment in his favor because the materials he submitted to Defendant "were conclusive as to the validity of Plaintiff's dispute" and thus "conclusively prove"

- 3 -

that Defendant's debt-related reporting was inaccurate. (*Id.* at 3-4.)

On September 28, 2023, the Court issued an order denying Plaintiff's reconsideration motion. (Doc. 63.)

On November 21, 2023, Defendant filed the pending reconsideration motion. (Doc. 67.)

**LEGAL STANDARD**

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g)(1). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003). *See also FTC v. Noland*, 2022 WL 901386, *3 (D. Ariz. 2022) ("Local Rule 7.2(g) . . . [creates] essentially the same standard a district court outside the District of Arizona . . . would apply when resolving a reconsideration motion under Rule 54(b).") (citations omitted); 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 54, at 77-78 (2022) ("Rule 54(b) is not a mechanism to get a 'do over' to try different arguments or present additional evidence when the first attempt failed. Thus, while the limits governing reconsideration of final judgments under Rule 59(e) do not strictly apply, courts frequently invoke them as common-sense guideposts when parties seek reconsideration of an interlocutory ruling under Rule 54(b). In sum, trial courts will exercise their discretion to reconsider interlocutory rulings only when there is a good reason to do so, including (but not limited to) the existence of newly-discovered evidence that was not previously available, an intervening change in the controlling law, or a clear error rendering the initial decision manifestly unjust.").

**ANALYSIS**

Defendant's reconsideration request lacks merit. First, it is untimely. Under LRCiv 7.2(g)(2), "[a]bsent good cause, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." Here, the summary judgment order was issued on August 16, 2023 yet Defendant did not move for reconsideration until November 21, 2023. This more-than-three-month delay was obviously outside the presumptive 14-day reconsideration window. Nor has Defendant attempted to show (much less succeeded in showing) good cause for the delay. Defendant's theory appears to be that the arguments raised in Plaintiff's earlier reconsideration motion provide the basis for the current reconsideration request. (Doc. 67 at 3 ["Plaintiff argues for the first time, presenting new facts in its Motion for Reconsideration that the original balance of the account was inaccurate . . . ."].) However, Plaintiff did not seek reconsideration of the statute-of-limitations analysis in the summary judgment order, so it is unclear how those purportedly new arguments could provide the basis for reconsidering the summary judgment order. At any rate, Defendant did not file its reconsideration motion within 14 days of when Plaintiff filed his reconsideration motion or within 14 days of when the Court denied Plaintiff's reconsideration motion.

Second, putting aside the issue of untimeliness, Defendant's reconsideration request fails on the merits. Although Defendant correctly notes that the alleged FDCPA violation here (*i.e.*, falsely reporting to Experian and Equifax that Plaintiff owed a debt) is "distinguishable" from the alleged FDCPA violations at issue in *Brown*, it doesn't follow that "the holding in *Brown* should not be applied in this case." (Doc. 67 at 4.) As discussed in the summary judgment order, *Brown* explicitly adopted the rule followed in other circuits, which is that each FDCPA violation triggers a new one-year statute of limitations. Although Defendant predicted in its summary judgment papers that the Ninth Circuit would decline to adopt that rule, Defendant's prediction turned out to be inaccurate. Here, the complaint (which, again, was filed in March 2022) alleges that Defendant violated the FDCPA in November 2021, January 2022, and February 2022 by reporting false tradelines

to Experian and Equifax. Those alleged violations each fall comfortably within the one-year limitations period and are not, as Defendant contends, mere continuations of the reporting that first occurred in September 2018. *See, e.g., Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 694 (8th Cir. 2017) ("If a debt collector violates the FDCPA, an individual may sue to enforce FDCPA liability within one year of that violation. It does not matter that the debt collector's violation restates earlier assertions—if the plaintiff sues within one year of the violation, it is not barred by § 1692k(d). Each alleged violation of the FDCPA is evaluated individually to determine whether any portion of the claim is not barred by the statute of limitations. As the Tenth Circuit points out, 'Any other rule would immunize debt collectors from later wrongdoing.'") (cleaned up); *Brandon v. Financial Accounts Services Team, Inc.*, 701 F. Supp. 2d 990, 996 (E.D. Tenn. 2010) ("Defendant FAST sent four letters within the one-year limitations period. The letters, while involving the violation discovered outside of the limitations period, were separate communications which are alleged to have violated the FDCPA."); *Purnell v. Arrow Financial Services, LLC*, 303 F. App'x 297, 304 & n.5 (6th Cir. 2008) (noting that "each 'communication' of false credit information . . . presents a discrete claim for violation of the FDCPA such that only those collection activities taken outside the limitations period would be time-barred" and that "[w]e assume without deciding that the reporting of the debt to Equifax constitutes a 'collection activity'").

Accordingly,

**IT IS ORDERED** that Defendant's reconsideration motion (Doc. 67) is **denied**.

Dated this 28th day of November, 2023.

_____
Dominic W. Lanza
United States District Judge